**Christine Gralow**
230 Monterey Avenue, Unit D
Capitola, California 95010
Phone: 808-464-1624
Email: cgralow@gmail.com



NO IFP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE GRALOW,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF PALOS VERDES ESTATES, JONATHAN IX, DEBRA BAUMGARTNER, ELLYZA BAIDIANGO, ZIBA HOSPICE, AND JOHN DOE<br><br>    Defendants. | Case No.: CV23-7238-SSS(E)<br><br>**COMPLAINT FOR DAMAGES FOR**<br><br>**FALSE ARREST /FALSE IMPRISONMENT; MALICIOUS PROSECUTION; DEFAMATION; AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW AND VIOLATION OF CIVIL RIGHTS (42 U.S.C.§ 1983) (FALSE ARREST/FALSE IMPRISONMENT)**<br><br>**CALIFORNIA CIVIL CODE (CAL. CIV. CODE) §1038 (MALICIOUS PROSECUTION)**<br><br>**CALIFORNIA GOVERNMENT CODE (CAL. GOV'T CODE §§ 815.2(a), 815.6, 820, 820.4 and 820.8 CALIFORNIA CIVIL CODE (CA. CIV. CODE) §44 (DEFAMATION)**<br><br>**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** plaintiff CHRISTINE GRALOW, and shows this honorable court the following:

## COMPLAINT FOR DAMAGES

### JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the City of Palos Verdes Estates, County of Los Angelese, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).

4. Plaintiff Christine Gralow timely filed her Claim for Damages against the City of Palos Verdes Estates on February 15, 2023, pursuant to the California Tort Claims Act, Cal. Gov't. Code § 900 et seq., and said claim has been rejected by operation of law by defendant City of San Diego on February 27, 2023.

### GENERAL ALLEGATIONS

5. Plaintiff Christine Gralow, hereinafter referred to as "GRALOW" and/or "plaintiff" and/or "Christine Gralow" is a natural person, who, at all times complained of in this action resided in the State of California.

6. Defendant City of Palos Verdes Estates, hereinafter also referred to as "City of Palos Verdes Estates" or "CITY", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

7. Defendant Jonathan Ix is a sworn peace officer and/or some other public officer, public official or employee of defendant City of Palos Verdes Estates and/or of some other public entity, who in some way committed some or all of the felonious /tortious actions and constitutional violations complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts of the various parties and of others complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said defendants if and when ascertained

by plaintiff.

8. At all times complained of herein, Defendant Jonathan Ix was acting as an individual person acting under the color of state law, pursuant to their authority as a sworn peace officer and/or Deputy Sheriff and/or Special Officer and/or Supervisor employed by defendant City of Palos Verdes Estates and/or of some other public entity, and were acting in the course of and within the scope of their employment with the City of Palos Verdes Estates and/or of some other public entity.

9. Defendant Debra Baumgartner hereinafter referred to as "BAUMGARTNER" and/or "defendant" and/or "Debra Baumgartner" is a natural person, who, at all times complained of in this action resided in the State of California.

10. Defendant Ellyza Baidiango hereinafter referred to as "BAIDIANGO" and/or "defendant" and/or "Ellyza Baidiango" is a natural person, who, at all times complained of in this action resided in the State of California.

11. Defendant Ziba Hospice, hereinafter referred to as "ZIBA HOSPICE" and/or "defendant" and/or "Ziba Hospice" is a company, who at all times complained of in this action operates in the State of California. Defendant Ziba Hospice employs defendant Ellyza Baidiango as a home health aide.

12. Defendant John Doe, hereinafter referred to as "JOHN DOE" and/or "defendant" and/or "John Doe" is a company, who at all times complained of in this action operates in the State of California. Defendant John Doe also employs defendant Ellyza Baidiango who is employed as a home health aide by Defendant John Doe. When plaintiff finds the unknown defendant, plaintiff will amend her complaint and change the name.

13. At all times complained of herein, Defendant Ellyza Baidiango was acting in the course of and within the scope of her employment with defendant Ziba Hospice.

14. At all times complained of herein, Defendant Ellyza Baidiango was acting in the course of and within the scope of her employment with an additional home health care company, defendant John Doe company, whose identity is unknown to the plaintiff at this time.

15. On February 26, 2023, the Plaintiff visited her aunt, Mary Baumgartner, at her home located at 1501 Via Asturias, Palos Verdes Estates, CA 90274. Plaintiff's mother, Ruth Gralow was also with her.

16. Plaintoff's Aunt, Mary Baumgartner suffered a stroke in early 2023 and she became entirely bedridden in the lower-level bedroom. Mary Baumgartner is dependent on use of supplemental oxygen. Mary Baumgartner's supplemental oxygen is received via a small, thin nasal tube.

17. Defendant Debra Baumgartner called the police on February 26, 2023 as a complainant regarding the plaintiff and made false allegations against the plaintiff after she received a phone call from defendant Ellyza Baidiango. Both defendants falsely accused the plaintiff of physically removing the nasal tube that provides supplemental oxygen to Mary Baumgartner. Yet, defendant Debra Baumgartner was not a witness and contacted the police only after defendant Ellyza Baidiango called her and supposedly made the allegation to her over the phone. The plaintiff never removed the supplemental oxygen that was being provided to Mary Baumgartner.

18. Defendant Debra Baumgartner, plaintiff's biological cousin, suddenly arrived at the home irate and belligerent after receiving text messages from defendant Ellyza Baidiango. She was extremely inebriated. Defendant Debra Baumgartner, immediately angrily confronted the plaintiff once she arrived at the home. Plaintiff was the victim of an attempted assault that night by Debra Baumgartner. Debra Baumgartner's male friend had to hold Debra Baumgartner back physically from attacking the plaintiff. Plaintiff's biological mother with dementia, Ruth Gralow, was present but later claimed to plaintiff's sister that she was never present.

19. No proper investigation was conducted by defendant Jonathan Ix prior to the plaintiff's arrest. Plaintiff was subsequently arrested on August 26, 2022 and put in jail for five days afterward in horrible conditions. The Plaintiff was falsely arrested for attempted murder, elder abuse and aggravated assault at 1501 Via Asturias, Palos Verdes Estates, CA 90274. Plaintiff was initially denied access to the entire police report, including the witness statement.

20. The arresting officer was Defendant Jonathan Ix. Officer Ix made no effort to take a statement from the Plaintiff. Anyone who may have claimed that the Plaintiff attempted to remove oxygen tubes must have lied as it never happened. No proper investigation conducted and there was no probable cause for the Plaintiff to be arrested.

21. Defendant Ellyza Baidiango was present at the home working as a female home health aide. Defendant Ellyza Baidiango and defendant Debra Baumgartner claimed that the Plaintiff attempted to remove oxygen tubes.

22. The Palos Verdes Estates Police Department repeatedly denied the Plaintiff all access to witness statements. Plaintiff was subsequently imprisoned after her arrest, yet was subsequently released after the District Attorney's office dropped all charges, as they had absolutely no merit. Plaintiff was falsely arrested and falsely imprisoned through no fault of her own. Plaintiff was told she may be charged with attempted murder. Per the police report, she was initially charged with being an unwanted guest, elder abuse and aggravated assault.

23. After the plaintiff had been booked/processed and was inside the female cell, plaintiff suffered a seizure due to the extreme emotional distress she suffered. She was later transported to Harbor General Hospital (HGH) -UCLA for further medical evaluation.

Plaintiff was later transported back to the PVEPD jail, and then transported to the Central Regional Detention Facility (CRDF).

### FIRST CAUSE OF ACTION
### False Arrest/ False Imprisonment
### Violation of federal constitutional rights under color of state law and violation of civil rights (42 U.S.C.§ 1983)

**(By Plaintiff GRALOW Against Defendants CITY and Defendant Jonathan Ix)**

24. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 5 through 23, inclusive, above, as if set forth full herein.

25. As complained of above, the plaintiff GRALOW was unlawfully seized and arrested by defendant Jonathan Ix on February 26, 2023.

26. As complained of above, said defendant Jonathan Ix had: (1) did not have probable cause to believe that the plaintiff had committed a crime, nor reasonable suspicion of criminality afoot about the plaintiff; (2) The plaintiff was actually harmed by said conduct of defendant Jonathan Ix; and (3) the conduct of defendant Jonathan Ix was a substantial factor in causing the plaintiff harm.

27. Defendant CITY and defendant Jonathan Ix, are liable to the plaintiff for her false arrest I false imprisonment pursuant to Cal. Gov 't Code §§815.2(a), 815.6, 820, 820.4 and 820.8.

28. As a direct and proximate result of the actions of defendant Jonathan Ix and defendant CITY, and the unlawful seizure by said defendants upon the plaintiff GRALOW was: 1) substantially physically, mentally and emotionally injured, 2) incurred expenses, and 3) incurred lost wages, medical and other special and general damages and expenses associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

29. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive/ exemplary damages against all defendants and each of them, save defendant City in an amount in excess of $2,000,000.

### SECOND CAUSE OF ACTION
### Defamation
**Under California State Law**
**CALIFORNIA CIVIL CODE (CA. CIV. CODE) §44**
**(By Plaintiff GRALOW Against All Defendants)**

30. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 5 through 23, inclusive, above, as if set forth full herein. As complained of above, the plaintiff GRALOW was defamed by defendants on February 26, 2023. As complained of above, said defendants falsely accused Plaintiff Christine Gralow.

COMPLAINT FOR DAMAGES
5

31. Defendant Christine Gralow was defamed by defendants and meets the elements for this cause of action. A claim for defamation involves a false statement made by one person about another person, which causes harm to a person's property, business, profession or occupation. Defendants defamed plaintiff Christine Gralow as they: Made a false and defamatory statement about another; which was the unprivileged publication of the statement to a third party (not including the person defamed by the statement); and there was damage to the person defamed. Publication, in the context of defamation, does not mean it must be in print. Rather, it is considered published when it is made to a third party.

### THIRD CAUSE OF ACTION
### Malicious Prosecution
### Under California State Law
### CALIFORNIA CIVIL CODE (CAL. CIV. CODE) §1038
### (By Plaintiff GRALOW Against All Defendants)

32. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 5 through 23, inclusive, above, as if set forth full herein. As complained of above, the plaintiff GRALOW was maliciously prosecuted by defendants on February 26, 2023. As complained of above, said defendants falsely accused Plaintiff.

33. Defendant Christine Gralow was maliciously prosecuted by defendants and meets the elements for this cause of action, since: A legal action was commenced or prosecuted without probable cause; The legal action was brought or initiated with malice or malicious intent; There was a final, favorable termination or resolution of the action in the defendant's favor.

### FOURTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### Under California State Law
### (By Plaintiff GRALOW Against All Defendants)

34. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 5 through 23, inclusive, above, as if set forth full herein.

35. Defendant Christine Gralow suffered negligent infliction of emotional distress by defendants and meets the elements for this cause of action, as: 1) The defendants acted in a negligent manner, 2) The defendants' negligence was the cause of the plaintiff's emotional distress; and 3) the plaintiff suffered actual emotional harm.

WHEREFORE, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants for punitive damages, save City of Palos Verdes Estates, in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs; For a trial by jury; and

d) For such other and further relief as this honorable court deems just and equitable.

*/s/ Christine Cralow*

CHRISTINE CRALOW

Pro Se Plaintiff

d, or clinical specimens in this packaging.

FedEx Express®

Extremely Urgent

**For FedEx Express® Shipments Only**

Contents should be compatible with the container and packed securely. For shipping terms and conditions and our limits of liability, refer to the applicable FedEx Express shipping document, the current FedEx Service Guide, or conditions of carriage.

For more information on FedEx Express services, solutions, and shipping locations, go to **fedex.com**, or contact your nearest FedEx location.

© 2018 FedEx 155477 REV 3/18

See how FedEx connects the world in responsible and resourceful ways at **environment.fedex.com**. Join our efforts by recycling this FedEx envelope.

CV




