1  Jeffrey Lewis (Bar No. 183934)
   Kyla Dayton (Bar No. 346221)
2  **JEFF LEWIS LAW, APC**
   827 Deep Valley Drive, Suite 209
3  Rolling Hills Estates, CA 90274
   Tel. (310) 935-4001
4  Fax. (310) 872-5389
   E-Mail: Jeff@JeffLewisLaw.com
5
6  Attorneys for Defendant
   DEBRA BAUMGARTNER
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CHRISTINE GRALOW,              ) Case No.:  2:23-cv-07238-SSS-E
                                   )
12            Plaintiff,           ) **DEFENDANT DEBRA**
                                   ) **BAUMGARTNER'S REPLY IN**
13      vs.                        ) **SUPPORT OF SPECIAL MOTION**
                                   ) **TO STRIKE FIRST AMENDED**
14  CITY OF PALOS VERDES           ) **COMPLAINT**
    ESTATES, et al.,               )
15                                 )
                                   )
16            Defendants.          )
                                   )
17  _____   )

18

19

20

21

22

23

24

25

26

27

28

REPLY

Jeff Lewis Law, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274

Jeff Lewis Law, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Summary of Argument

On the night of August 26, 2022, Debra Baumgartner[1] called police to have an unwanted guest removed from her home. Christine Gralow was that unwanted guest. Debra oversees and cares for her elderly mother, with whom she also shares a home. After Debra became aware of an altercation with Christine and one of Debra's mother's caregivers, Debra made the decision to call police and have Christine removed from the home. Christine refused to leave Debra's home on her own accord and as a result, Debra called the police to have Christine removed. Christine now seeks $8 million dollars in damages and seeks to sue Debra for defamation, filing a false police report, and intentional infliction of emotional distress.[2]

### II.   The Court Should Find that Debra Satisfied Her Burden of Proving that all Claims Arise from Protected Activity

Debra's anti-SLAPP motion established that Christine's Complaint arises entirely from Debra's communications with the City police. Dkt. 17, p. 9. This type of speech falls squarely under the protections of the SLAPP statute: Section 425.16(e)(1) applies to "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law."

In opposition to Debra's Prong One arguments, Christine argued: "Defendant and her Counselors lack knowledge of the actual content of

---

[1] Because many of the parties and witnesses share the same surname, references to the parties are to their first names, not out of any familiarity or disrespect, but for clarity and ease of reference. See, e.g., *Erler v. Erler*, 824 F.3d 1173, 1175, fn. 1 (9th Cir. 2016).

[2] Christine also alleges additional claims for false arrest and malicious prosecution against other defendants.

Jeff Lewis Law, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274

1   California Civil Code Section 47." Dkt. 41, Opp'n p. 2, ¶ 2. Christine cites

2   California Civil Code Section 47(b)(5), which states in relevant part: "This

3   subdivision does not make privileged any communication between a person

4   and a law enforcement agency in which the person makes a false report …

5   knowing that the report is false, or with reckless disregard for the truth or

6   falsity of the report."  Christine goes on to posit that "Defendant's case law

7   references prior to January 1, 2021, are thus irrelevant to her argument that

8   all of her statements to police are protected activity." Dkt. 41, Opp'n p. 2, ¶ 2.

9        Christine's arguments are not convincing.[3] It is well established that

10  "helping to bring about a criminal prosecution is protected activity under the

11  statute." *Lugo v. Pixior, LLC* (Cal. Ct. App., Apr. 18, 2024, No. B324368) 2024

12  WL 1666966, at *1; see *Dickens v. Provident Life & Accidents Ins. Co.* (2004)

13  117 Cal.App.4th 705, 707, 713–717 [a malicious prosecution action predicated

14  upon a defendant's alleged participation in procuring a criminal prosecution

15  against a plaintiff falls within the ambit of the anti-SLAPP statute].

16       In *Lugo*, the plaintiff argued that the anti-SLAPP statute does not

17  apply to *false* statements to police. *Lugo*, *supra*, at *2. Christine makes the

18  same argument here. The *Lugo* court rejected this argument. After noting

19  that "[t]he usual rule thus applies: a malicious prosecution action predicated

20  upon a defendant's alleged participation in procuring a criminal prosecution

21  against a plaintiff falls within the ambit of the anti-SLAPP statute," the *Lugo*

22  court held that "[t]he trial court was right to rule [the defendant's] motion

23  satisfied the first step of the anti-SLAPP analysis." *Lugo*, *supra*, at *2.

24

25

26  [3] It is possible Christine has conflated the concept of privilege and protected activity. Although Debra does contend that the communications here were

27  privileged under Civil Code section 47, the analysis of whether activity is protected under Code of Civil Procedure section 425.16 does not rest on

28  application of Civil Code, section 47.

REPLY

Jeff Lewis Law, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274

### III.    Christine Cannot Demonstrate a Probability of Prevailing

Debra's anti-SLAPP motion established that Christine's Complaint falls within the scope of Section 425.16, and as such, the burden shifted to Christine to establish a probability of prevailing. Cal. Civ. Proc. Code § 425.16(b)(1) (West). Christine cannot rely solely on conclusory, baseless allegations to establish her claims. Christine's burden was to present "competent and admissible evidence" showing she will "probably" prevail on her claim. *Macias v. Hartwell*, 55 Cal. App. 4th 669, 675 (1997). Aside from an untimely Declaration,[4] Christine did not provide competent evidence that Debra acted with reckless disregard in calling the police to have an unwelcome guest—Christine—removed from Debra's home.

Christine's arguments are not convincing because Christine failed to provide evidence establishing reckless disregard, let alone knowing falsity, with regard to the phone call and report Debra made to police. Christine's conclusory allegations that Debra made "false statements to the police, or, at the very least, ma[de] statements to police with reckless disregard for the truth" Dkt. 41, Opp'n ¶ 3, do not rise to the level of proof required to show Debra acted with reckless disregard. The police report confirms Debra called the police to remove Christine—an unwanted guest—from Debra's home: "…we were dispatched to 1501 Via Asturias for an unwanted guest call." Whether Christine was welcome at Debra's home on the night of the incident is subjective to Debra. Debra says Christine was unwelcome and would not leave, and as a result, Debra called the police to remove Christine.

Indeed, the police report also confirms that Debra's statement to the police truthfully recounted that Debra "was not at the residence when this incident occurred…" The remainder of the police report content is provided as

---

[4] The Court ordered the opposition papers to be filed no later than April 12, 2024. Christine filed an untimely declaration on April 28, 2024, 16 days late.



Jeff Lewis Law, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274

1    a recount of information from Ellyza. There was an unwelcome, hostile person

2    who refused to leave Debra's home, and this person posed a danger to Debra's

3    severely vulnerable mother. Debra was well within her rights to call the police

4    and truthfully recount what she was told by Ellyza were the events of that

5    day.

6         Additionally, Debra was well within her rights to express concern for

7    the safety of her mother and aunt following the erratic behavior displayed by

8    Christine. The purpose of the SLAPP statute is to prevent lawsuits aimed at

9    chilling free speech and public participation. Christine's complaint should be

10    stricken under the SLAPP statute because Debra's act of calling the police

11    and seeking their help to protect her home and family is protected behavior.

12

13    **A.**     **The California Penal Code Claim Fails Because There is**

14            **No Civil or Private Cause of Action for the Filing a False**

15            **Police Report Claim**

16         Debra's anti-SLAPP motion established that Christine's claim under

17    California Penal Code section 148.5 should be stricken because there is no

18    private right of action under that statute. Dkt. 17, Mot. p. 10. Christine's

19    Opposition conceded "Plaintiff's reference only to California Penal Code

20    Section 148.5 in the causes of action section of her First Amended Complaint

21    was inadvertent." Dkt. 41, Opp'n ¶ 6. As such, this claim should be stricken.

22

23    **B.**     **Debra's Communications to the Police are Absolutely**

24            **Privileged — Therefore the Defamation and IIED Claims**

25            **are Barred**

26         Debra's anti-SLAPP motion established that California Civil Code

27    section 47 provides an absolute privilege for communications made to the

28    police. *Hunsucker v. Sunnyvale Hilton Inn*, 23 Cal.App.4th 1498, 1503 (1994)



- 5 -

1    [holding that "reports made by citizens to police regarding potential criminal

2    activity fall within the section 47 absolute privilege."]. The privilege furthers

3    the public interest in ensuring "free and open access to the police to report

4    suspected criminal activity. *Id.* at 1504.

5        Christine's Opposition attempted to refute this showing by arguing that

6    a 2021 amendment excludes knowingly making a false police reports from the

7    privilege. But Christine's burden on this motion was to produce evidence that

8    Debra filed a false police report. The only evidence before the Court is that a

9    police report was filed, not that the report was false. Absent competent

10    evidence of falsity, the privilege of Civil Code section 47 applies.

11

12    **C.    Even if Debra's Communications are not Absolutely**

13    **Privileged, the Defamation and IIED Claims**

14    **Independently Fail**

15        Debra's anti-SLAPP motion established that Christine failed to satisfy

16    all the elements of defamation and IIED, and as such, those claims

17    independently fail. Christine's Opposition does not explicitly attempt to refute

18    this showing. As such, these claims should be stricken.

19

20    **D.    The Proposed Amendment to Add a Malicious Prosecution**

21    **Claim Fails Because No Claim for Malicious Prosecution**

22    **can be Maintained in the Absence of a Criminal Complaint**

23    **filed in Court**

24        At the time of drafting this brief, Christine has proposed filing a second

25    amended complaint. All of the arguments presented in this motion would

26    apply with equal force to the proposed amendment. Moreover, as to the

27    additional claim of malicious prosecution included in the proposed pleading,

28    that claim fails as a matter of law. Christine alleges that following five days

Jeff Lewis Law, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274

- 6 -

Jeff Lewis Law, APC
827 Deep Valley Drive, Suite 209
Rolling Hills Estates, CA 90274

1   in jail, the DA declined to press charges. Dkt. 16, FAC p. 9. Absent an actual

2   prosecution in court, no action for malicious prosecution is available.

3          An individual's arrest without ensuing criminal charges is insufficient

4   "prosecution" to support the civil tort of malicious prosecution. *Van*

5   *Audenhove v. Perry*, 11 Cal.App.5th 915, 917 (2017) [holding that "a cause of

6   action for malicious prosecution cannot be premised on an arrest that does not

7   result in formal charges…] Christine alleges she was arrested. Dkt. 16, FAC

8   p. 8. But she fails to allege that any criminal prosecution occurred. To the

9   contrary, Christine alleges that the District Attorney "dropped all charges."

10  Dkt. 16, FAC p. 9. That allegation is fatal. When a pleading alleges an arrest

11  but no criminal prosecution, the complaint fails to state a cause of action

12  rendering it subject to demurrer. *Van Audenhove v. Perry*, 11 Cal.App.5th

13  915, 917 (2017).

14

15  **IV.    Conclusion**

16         For the foregoing reasons, Debra respectfully requests that the special

17  motion to strike first amended complaint be granted in its entirety. In the

18  alternative, she requests that the Court strike those causes of action for which

19  Christine has failed to prove a probability of prevailing.

20

21

22   DATED:  May 6, 2024            **JEFF LEWIS LAW, APC**

23

24                                 By:  ____/s/ Jeffrey Lewis____
                                        Jeffrey Lewis
25                                      Kyla Dayton

26                                      Attorneys for Defendant
                                        DEBRA BAUMGARTNER
27

28

REPLY