**MARK D. RUTTER (SBN 058194)**
**SCOTT J. CARPENTER (SBN 253339)**
**CARPENTER, ROTHANS & DUMONT, LLP**
**500 S. Grand Ave., 19th Floor**
**Los Angeles, California 90071**
**Telephone: (213) 228-0400**
**Facsimile:   (213) 228-0401**
**Email:   mrutter@crdlaw.com | scarpenter@crdlaw.com**

Attorneys for Defendants, City of Palos Verdes Estates, a public entity,
and Officers Jonathan Ix and Sean Crisfield, public employees

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE GRALOW,<br><br>           Plaintiff,<br><br>     vs.<br><br>CITY OF PALOS VERDES ESTATES,<br>et al.,<br><br>           Defendants.<br>_____ | Case No.: 2-23-cv-07238-SSS-E<br><br>**CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS** |

         COMES NOW Defendants City of Palos Verdes Estates, Officer Jonathan Ix
and Officer Sean Crisfield (the "City Defendants"), and hereby submit the
following response to plaintiff's Objection to the Report and Recommendation of
United States Magistrate Judge Charles F. Eick Re: City Defendants' Motion to
Dismiss (Dkt. No. 101).  This response to plaintiff's objections is based on the
accompanying Memorandum of Points and Authorities, the pleadings and evidence
that were filed in support of defendants' motion to dismiss, and upon such other
matters as may be presented to the Court.

-1-

1 | DATED: April 7, 2025   CARPENTER, ROTHANS & DUMONT LLP

2

3                                    /s/  *Scott J. Carpenter*

4                          By:  _____

5                                    MARK RUTTER

6                                    SCOTT J. CARPENTER
                                     Attorneys for Defendants
7                                    City of Palos Verdes Estates, Officer
                                     Jonathan Ix and Officer Sean Crisfield

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This civil action arises out of the arrest of plaintiff, Christine Gralow, on August 26, 2022 by City of Palos Verdes Estates (the "City") police officer Jonathan Ix after investigating a report from defendants Ellyza Baidiango ("Baidiango") and Debra Baumgartner that plaintiff had removed the oxygen tubes from Mary Baumgartner ("Mary"), an elderly, bed-ridden and nonresponsive stroke victim while making comments that Mary should go be with her deceased husband.

Plaintiff was arrested and held in jail for five days.  Ultimately, the charges against her were dropped.  Plaintiff initiated this action pro se on August 24, 2023 and has brought claims against the City Defendants, Debra Baumgartner, Ellyza Baidiango, and Justin-Villa Care.  As against the City Defendants, plaintiff asserts a federal claim under 42 U.S.C. § 1983 for false arrest, as well as various state claims including malicious prosecution, violation of the Bane Act, and intentional infliction of emotional distress.

After plaintiff was permitted to amend her complaint multiple times, the City Defendants filed a motion to dismiss as to plaintiff's Fourth Amended Complaint ("4AC").  On March 3, 2025, Magistrate Judge Charles F. Eick issued a Report & Recommendation (R&R") to dismiss plaintiff's Fourth Amendment claim brought under 42 U.S.C. § 1983 with prejudice and to dismiss the entire action.  Dkt. No. 101.  Specifically, Magistrate Judge Eick found that "[v]iewing the allegations in the Fourth Amended Complaint in the light most favorable to Plaintiff, Officer Ix had probable cause to arrest Plaintiff on August 26, 2022." Id. at 8.

On March 22, 2025, plaintiff submitted her objections to the R&R per Federal Rule of Civil Procedure 72.  The City Defendants hereby submit that such objections be overruled.  Plaintiff provides this Court with no compelling reason to

-3-

1  not follow the Magistrate Judge's recommended ruling.  Plaintiff's objections
2  largely regurgitate the same arguments that were already briefed, analyzed, and
3  decided in the R&R.  There being no clear error in the Magistrate Judge's ruling,
4  the Court should adopt the R&R and dismiss this action.

5  ## II.   <u>STANDARD OF REVIEW</u>

6          When written objections to a magistrate's report and recommendation are
7  timely filed, the district court makes a de novo review "of those portions of the
8  report or specified proposed findings or recommendations to which objection is
9  made."  28 U.S.C. § 636(b)(1).  "[A] district court has discretion, but is not
10  required, to consider evidence presented for the first time in a party's objection to a
11  magistrate judge's recommendation."  <u>United States v. Howell</u>, 231 F.3d 615, 621
12  (9th Cir. 2000); <u>Greenhow v. Secretary of Health & Human Servs.</u>, 863 F.2d 633,
13  638 (9th Cir.1988), *overruled on other grounds by* <u>United States v. Hardesty</u>, 977
14  F.2d 1347 (9th Cir.1992), *cert. denied*, 113 S.Ct. 1429 (1993).

15          "[A] party's objections are improper if they expand upon and reframe
16  arguments already made and considered by the magistrate judge, or simply
17  disagree with the magistrate judge's conclusions."  <u>GRACE, Inc. v. City of Miami</u>,
18  674 F. Supp. 3d 1141, 1148–49 (S.D. Fla. 2023), *appeal dismissed*, 2023 WL
19  5624206 (11th Cir. July 13, 2023).

20          Furthermore, "[o]bjections to a [R&R] are not a vehicle to relitigate the
21  same arguments carefully considered and rejected by the Magistrate Judge."
22  <u>Eredina J. v. Kijakazi</u>, 2023 WL 1100990, at *1 (C.D. Cal. Jan. 30, 2023); <u>see also</u>
23  <u>El Papel LLC v. Inslee</u>, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021)
24  ("Because the Court finds that nearly all objections are merely a rehash of
25  arguments already raised and decided upon by the Magistrate Judge, the Court will
26  not address each objection here."); <u>Vega v. Artuz</u>, 2002 WL 31174466, at *1
27  (S.D.N.Y. Sept. 30, 2002) ("The purpose of the Federal Magistrates Act was to
28  promote efficiency of the judiciary, not undermine it by allowing parties to

-4-

1 relitigate every argument which it presented to the Magistrate Judge") (internal

2 citations omitted).

3     "When the objecting party has improperly objected, or failed to object, to

4 the magistrate judge's findings, 'the court need only satisfy itself that there is no

5 clear error on the face of the record in order to accept the recommendation.'"

6 <u>GRACE, Inc.</u>, 674 F. Supp. 3d at 1148–49 (quoting Fed. R. Civ. P. 72(b) advisory

7 committee's note to 1983 addition). <u>See Chen v. New Trend Apparel, Inc.</u>, 8 F.

8 Supp. 3d 406, 416 (S.D.N.Y. 2014) ("[Where] the party… simply reiterates her

9 original arguments, the Court reviews the report and recommendation only for

10 clear error.").

11 **III.**   **<u>ARGUMENT</u>**

12     **A.**   **<u>The Magistrate Judge Properly Found Probable Cause Existed</u>**

13         **<u>For Plaintiff's Arrest.</u>**

14     In the R&R, the Magistrate Judge correctly determined that the allegations

15 of the 4AC demonstrated that plaintiff's arrest was lawful under the Fourth

16 Amendment.

17     Magistrate Judge Eick noted, in pertinent part, that Officer Ix interviewed

18 third-party witness Baidiango who accused Plaintiff of completely removing

19 Mary's nasal cannula, while holding Mary's dead husband's picture and stating,

20 "You need to be with your husband," and "You don't want it in, I'll pull it out."

21 R&R at 8-9.  Officer Ix observed the photograph of Mary's deceased husband and

22 saw that Mary was lying in bed, could not communicate, and received oxygen

23 through a nasal cannula.  <u>Id.</u>  Based on the totality of the circumstances, as alleged

24 in the 4AC, the R&R properly concluded that "[b]ased on Baidiango's and

25 Plaintiff's statements, as well as Officer Ix's own observations at the scene, a

26 prudent person would have concluded that there was a fair probability that Plaintiff

27 had committed a crime."  R&R at 9.

28     Plaintiff's "objections" do not compel a different conclusion.  First, plaintiff

-5-

CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

1  argues that the R&R "erroneously held that the statements by Baidiango were self-

2  corroborating . . ." Pl's Obj at 8.  To support that argument, plaintiff attempts to

3  distinguish the cases cited in the R&R by claiming they involved the reliability of

4  informants "for purposes of probable cause for a search warrant" as opposed to an

5  arrest.  Id.  However, that distinction is immaterial as the constitutional hurdle is

6  still the same – i.e., probable cause.  See United States v. Romero, 382 F. Supp. 3d

7  966, 979 (E.D. Cal. 2019) (the standard for probable cause for a search warrant "is

8  the same" as for the probable cause required before a warrantless arrest is valid).

9      And there is overwhelming case law that "[a] detailed eyewitness report of a

10  crime is self-corroborating; it supplies its own indicia of reliability." United States

11  v. Banks, 539 F.2d 14, 17 (9th Cir. 1976); United States v. Fincher, 113 F.3d 1243

12  (9th Cir. 1997) (same); Olvera v. Cnty. of Sacramento, 932 F. Supp. 2d 1123, 1153

13  (E.D. Cal. 2013); see also Peng v. Mei Chin Penghu, 335 F.3d 970, 978 (9th Cir.

14  2003) (probable cause may be based upon a victim's statement alone "if the victim

15  provides facts sufficiently detailed to cause a reasonable person to believe a crime

16  had been committed and the named suspect was the perpetrator."); United States v.

17  Blount, 123 F.3d 831, 835 (5th Cir.1997) ("'[C]itizen informants,' 'identified

18  bystanders,' victims and crime scene witnesses may generally be presumed

19  credible by police in a way that professional informants are not.").

20      In her objections plaintiff largely repeats the same attacks against

21  Baidiango's account to Officer Ix that plaintiff made in opposition to the motion to

22  dismiss.  Plaintiff claims that Baidiango's statements to Officer Ix were

23  "uncorroborated," "speculative" and "not detailed."  Pl's Obj. at 9.  In particular,

24  plaintiff argues that "aside from the alleged twice removal of the nasal cannula

25  which in and of itself was not life threatening, Baidiango did not offer any fact

26  basis for probable cause . . ."  Id.  But plaintiff ignores the Magistrate Judge's

27  analysis of the other conduct Baidiango witnessed plaintiff engage in.  For

28  example, as noted by the R&R, Officer Ix heard from Baidiango specific details

-6-

1   that plaintiff took out the oxygen tubes while holding the picture of Mary's dead

2   husband to Mary while making certain statements to Mary about joining her late

3   husband.  R&R at 9.  Moreover, Officer Ix did interview plaintiff and plaintiff

4   denied removing the oxygen tubes but claimed that Mary said that she "is ready to

5   go." Id. at 9.  Baidiango also told Detective Crisfield the same story she told

6   Officer Ix.  Id. at 5.

7         Next, plaintiff takes issue with the R&R's analysis regarding Officer Ix's

8   investigation.  The R&R correctly held that "the police have no affirmative

9   obligation to investigate a crime in a particular way."  R&R at 10 (quoting Gini v.

10  Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1045 (9th Cir. 1994)).  Plaintiff's

11  attempts to distinguish Gini and similar cases miss the mark.  Clear Ninth Circuit

12  authority establishes that there is no right to have an "investigation carried out in a

13  particular way."  Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en

14  banc).

15        Plaintiff's insistence that "Mary was not dependent on the supplemental

16  oxygen to stay alive" (Pl's Obj. at 11) is a red herring.  "[U]nder the Fourth

17  Amendment, probable cause to believe a person committed any criminal offense

18  justifies an arrest, regardless of what offense(s) may have been alleged during or

19  after the arrest."  R&R at 10.  Even if removal of the oxygen tubes was not actually

20  life-threatening, Baidiango's account still supports probable cause of plaintiff's

21  attempts, and intent, to harm Mary and could be the basis for attempted murder,

22  assault or elder abuse charges.  "Based on Baidiango's presumptively reliable

23  report that Plaintiff twice removed Mary's oxygen tubes while holding a photo of

24  Mary's deceased husband and saying to Mary, 'you need to be with your [dead]

25  husband,' probable cause existed to arrest Plaintiff for any of these crimes."  R&R

26  at 10.

27        The R&R also was correct in finding no allegations that the officers ignored

28  exculpatory evidence.  R&R at 11.  Plaintiff argues that the R&R was "wrong

-7-

CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

1  when it concluded there are no factual allegations plausibly demonstrating that
2  Officer Ix or Detective Crisfield ignored exculpatory evidence . . . [g]iven
3  Plaintiff's complaint against Officer Is[sic] just two days prior . . ."  Pl's Obj. at
4  11.  However, plaintiff's complaint against Officer Ix is not exculpatory, nor does
5  it tend to negate the existence of probable cause.  Regardless, plaintiff still does
6  not offer what "exculpatory evidence" was ignored by the officers.  Rather,
7  plaintiff seems to complain that Officer Ix believed Baidiango over plaintiff's
8  denials.  Id.  As the R&R correctly noted, "where two witnesses provide
9  contradictory statements, [an] objectively reasonable officer may choose to believe
10 one witness over the other."  R&R at 11 (citing Cameron v. Craig, 713 F.3d 1012,
11 1019 (9th Cir. 2013)).

12     Lastly, plaintiff contends that the "Supreme Court has repeatedly
13 emphasized that probable cause must be based on the facts available to officers at
14 the time of arrest, rather than on post hoc justifications."  Pl's Obj. at 11 (citing
15 Beck v. Ohio, 379 U.S. 89, 91 (1964).  Plaintiff though offers nothing to suggest
16 that the R&R's finding of probable cause was based on any "post hoc
17 justifications" as opposed to facts known to the officers at the time of their
18 investigation.  Indeed, the R&R goes into painstaking detail about all off the facts,
19 statements, and observations that lead up to the arrest and which supported the
20 existence of probable cause.  R&R at 8-9.

21     In all, the Court should adopt the R&R as to dismissal of plaintiff's Fourth
22 Amendment claim with prejudice.

23 **B.     The Magistrate Judge Correctly Found That Qualified Immunity**
24 **Shielded The Officers.**

25     As the R&R correctly found, "Plaintiff has failed to identify any precedent
26 placing 'beyond debate' the alleged unlawfulness of any of Officer Ix's or
27 Detective Crisfield's challenged actions [and in] any event . . ., the undisputed
28 facts show that reasonable officers in Officer Ix's and Detective Crisfield's

-8-

CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

positions would not have believed that any clearly established law demonstrated the unconstitutionality of their conduct." R&R at 12.

Plaintiff objects to the R&R's qualified immunity finding by arguing that the R&R "fails to recognize that an arrest without probable cause violates clearly established law." Pl's Obj. at 12. However, the R&R does not ignore that obviously established law. Instead, the R&R's finding of probable cause is based, largely, on the officers' reliance on eyewitness statements. Plaintiff has not cited a single case squarely holding that an officer cannot rely on the statements of an eyewitness to establish probable cause.

On the other hand, the Supreme Court has made clear that "it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable." <u>Anderson v. Creighton</u>, 483 U.S. 635, 641 (1987). "Rather, the inquiry must be whether a reasonable law enforcement officer in the defendant's position knew, at the time of the events in question, that the absence of probable cause for the arrest was so clear and unmistakable that making the arrest undoubtedly violated plaintiff's constitutional right to be free from false arrest." <u>Tachiquin v. Stowell</u>, 789 F. Supp. 1512, 1517 (E.D. Cal. 1992)

Here, even if the officers were mistaken in believing that Baidiango's statements established probable cause, any such mistake was reasonable and any reasonable officer could have believed that Baidiango's account over plaintiff's denials. Because plaintiff has made no showing that Baidiango's account was obviously untrustworthy or unreliable, the officers are entitled to qualified immunity.

**C.    <u>The Magistrate Judge Properly Found That Plaintiff Failed To Plead A *Monell* Violation</u>.**

-9-

1    In the R&R, the Magistrate Judge correctly determined that plaintiff's
2    federal claims against the City of Palos Verdes Estates should be dismissed with
3    prejudice for failure to plead municipal liability.

4    In particular, the Magistrate Judge properly noted that "Plaintiff's vague and
5    conclusory allegations regarding past police misconduct do not establish any
6    plausible link to the assertedly unconstitutional acts of Officer Ix and Detective
7    Crisfield, and Plaintiff's municipal liability claim against the City amounts to
8    nothing more than groundless conjecture. There are no facts from which it can be
9    reasonably inferred that a City policy, custom or practice could have been the
10   'moving force' behind the alleged violation of Plaintiff's constitutional rights."
11   R&R at 14.

12   Plaintiff's objections reuse the same arguments she made in opposition to
13   the motion to dismiss.  Specifically, plaintiff argues that the City had a pattern of
14   ignoring police misconduct. Pl's Obj. at 15.  And plaintiff recites the two lawsuits
15   against the City cited in the 4AC.  Id.  While the 4AC points to alleged misconduct
16   from 2010 and 2013, it does not demonstrate any longstanding custom or practice
17   that continued from 2013 up to plaintiff's arrest in 2022.  Moreover, plaintiff fails
18   to make any connection between to two cited lawsuits, which allegedly involved
19   white supremacy allegations, and the supposed misconduct of Officer Ix and
20   Detective Crisfield.  There are no allegations of a longstanding pattern of false
21   arrests, falsifying police reports, or ignoring exculpatory evidence, let alone that
22   such a pattern of misconduct was the moving force behind any violation of
23   plaintiff's rights.

24   Alternatively, plaintiff seems to argue that the City could be held liable
25   under a ratification theory.  Pl's Obj. at 15.  However, the 4AC and plaintiff's
26   objections lack any allegations that a final policymaker "knew of the purported
27   constitutional violations and approved or ratified them."  Lara v. City of
28   Maywood, 2008 WL 11636967, at *12 (C.D. Cal. Sept. 22, 2008).  The Court

-10-

CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

should reject plaintiff's attempt to put forth this new theory for the first time now, especially considering that there are no allegations whatsoever to support it.

###     D.    **Supplemental Jurisdiction.**

Plaintiff objects to the R&R by stating that "[t]he report erred when it recommended dismissal of the pendent state claims."  Pl's Obj. at 16.  Magistrate Judge Eick is correct that the Court may decline to exercise its discretion to take supplemental jurisdiction over any remaining state law claims.  R&R at 15.  The City Defendants do not have a position on the exercise of supplemental jurisdiction of the state law claims, except to contend that any state law claims premised on the lack of probable cause should also be dismissed with prejudice based on the R&R's finding that the arrest of plaintiff was lawful.  The finding that probable cause existed to arrest plaintiff collaterally estops plaintiff from asserting claims of malicious prosecution, Bane Act violation, or intentional infliction of emotional distress.  As such, the City Defendants respectfully submit that the state law claims against them be dismissed with prejudice.

## IV.    **CONCLUSION**

The City Defendants respectfully request that this Court adopt, in large part, the Report and Recommendation submitted by Magistrate Judge Eick (Dkt. No. 101) except dismiss the entire action against the City Defendants with prejudice.

DATED:  April 7, 2025    CARPENTER, ROTHANS & DUMONT LLP

/s/  *Scott J. Carpenter*

By:  _____
MARK RUTTER
SCOTT J. CARPENTER
Attorneys for Defendants
City of Palos Verdes Estates, Officer
Jonathan Ix and Officer Sean Crisfield

CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION