UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE GRALOW,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PALOS VERDES ESTATES, ET AL.,<br><br>    Defendants. | No. CV 23-7238-SSS(E)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. section 636, the Court has reviewed the Fourth Amended Complaint, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which any objections have been made.

    Plaintiff's claims are based on her allegedly wrongful arrest and detention for the attempted murder of her bedridden aunt. [Dkt. 93 at 16]. The Report and Recommendation ("Report") recommends dismissal of Plaintiff's Fourth Amended Complaint without further leave to amend and the dismissal of this action. [Dkt. 101]. Plaintiff's objections to the Report [Dkt. 102] do not warrant any change to the Report's proposed findings or recommendations.

Plaintiff objects that she has stated a cognizable Fourth Amendment claim for false arrest or false imprisonment. [Dkt. 102 at 7-10]. But Plaintiff's pleadings showed that probable cause existed. According to the police report, an eyewitness reported that Plaintiff had completely removed the oxygen tube from Plaintiff's aunt while saying, "You don't want it in, I'll pull it out," and "You need to be with your husband." [Dkt. 93-1 at 5]. Although Plaintiff argues that the eyewitness's statements were deficient and uncorroborated [Dkt. 102 at 9], this does not mean Plaintiff has stated a cognizable claim. As the Report explained, a detailed eyewitness report is self-corroborating and supplies its own indicia of reliability. [Dkt. 101 at 9]. And as the Report further found, the eyewitness's account was corroborated in any event, based on the officer's observations at the scene, particularly Plaintiff's statement to the officer that her aunt was "ready to go." [Dkt. 101 at 9; Dkt. 93-1 at 6].

Plaintiff objects that she has stated a cognizable Fourth Amendment claim because the police conducted a deficient investigation. [Dkt. 102 at 10-12]. As the Report found, however, the police have no affirmative obligation to investigate a crime in a particular way. [Dkt. 101 at 10-11]. And as the Report further found, once probable cause is established, as it was here, the officer had no duty to investigate further or look for additional evidence which may exculpate the accused. *Id*. at 11.

Plaintiff objects that the police officer Defendants are not entitled to qualified immunity because she was arrested without probable cause. [Dkt. 102 at 12-14]. As the Report found, Plaintiff's argument depends on clearly established law that is defined at too high a level of generality. [Dkt. 101 at 12]. And as the Report further found, Plaintiff has failed to identify any precedent placing beyond debate the alleged unlawfulness of the officers' actions. *Id*.

Plaintiff objects that she has stated a claim for municipal liability under *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 691 (1978). [Dkt. 102 at 14-15]. As the Report found, Plaintiff's allegations are vague and conclusory and are based at most

on a few alleged incidents of police misconduct, which are insufficient to adequately allege that an unlawful policy, custom, or usage was the moving force behind the alleged violation of Plaintiff's constitutional rights. [Dkt. 101 at 13-14]. In any event, Plaintiff's failure to state an underlying claim based on an alleged violation of her constitutional rights means that she cannot recover on a municipal liability claim. *Id*. at 14.

Plaintiff objects that supplemental jurisdiction exists for her state-law claims. [Dkt. 102 at 16-20]. The Court agrees with the Report's recommendation that, in light of the dismissal of all of Plaintiff's federal claims without leave to amend, the Court will decline to exercise its discretion to take supplemental jurisdiction over any remaining state law claims. [Dkt. 101 at 15].

The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

**IT IS ORDERED** that Judgment shall be entered: (1) dismissing the federal claims in the Fourth Amended Complaint without leave to amend and with prejudice; and (2) dismissing any state law claims in the Fourth Amended Complaint without leave to amend but without prejudice.

**IT IS FURTHER ORERED** that the Clerk serve forthwith copies of this Order and the Judgment on Plaintiff and Defendants' counsel of record.

Dated: April 22, 2025

_____
SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE